IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., and SAN MATEO CREDIT UNION,<br><br>　　　　Defendants.<br>_____ / | No. C 06-03531 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND VACATING HEARING** |

**INTRODUCTION**

In this diversity action involving a dispute over the payment of purportedly forged or altered checks, defendant Wells Fargo Bank, N.A. moves to dismiss the two claims against it brought by plaintiff Travelers Casualty and Surety Company of America. Both plaintiff and defendant San Mateo Credit Union filed oppositions to Wells Fargo's motion. This order holds that as currently pled, plaintiff's claims against Wells Fargo cannot survive application of the superior-equities doctrine, which prevents requiring indemnification by an innocent third party as against a primary insurer. Additionally, plaintiff's claims against Wells Fargo appear to be time barred. Wells Fargo's motion is, accordingly, **GRANTED**. Plaintiff, however, will be given the opportunity to amend so as to cure these deficiencies.

**STATEMENT**

Plaintiff Travelers is an insurance company and the two defendants, Wells Fargo and San Mateo, are banking institutions. Travelers issued a policy of insurance to J.H. Baxter & Co., Inc. (Compl. ¶ 8). The policy covered Baxter for losses resulting from employee dishonesty (*ibid*.). According to the complaint, from June 2003 to September 2004, a Baxter employee forged or altered 49 checks out of Baxter's account with Wells Fargo, seeking to deposit them or cash them through the employee's account with San Mateo (*id*. at Exh. A). According to plaintiff, Wells Fargo paid these checks and San Mateo cashed or deposited them (*id*. at ¶ 8). The checks allegedly totaled $204,180.29 (*id*. at Exh. A). Baxter submitted claims of losses to Travelers, which Travelers paid in exchange for an assignment of Baxter's rights to pursue this action (*id*. at ¶ 8).

Travelers filed this action on June 1, 2006. In Travelers' complaint, it stated three claims, two against Wells Fargo and one against San Mateo. The two claims against Wells Fargo both sought indemnification for the losses incurred as a result of Wells Fargo paying out on the checks. Claim 1 alleged that the checks were altered. In the alternative, claim 2 alleged that the checks were forged. Finally, in claim 3, plaintiff alleged that San Mateo failed to exercise ordinary care in cashing and depositing the fraudulent checks. The instant motion, however, only involves the first two claims against Wells Fargo.

**ANALYSIS**

Wells Fargo now moves to dismiss the claims against it on three separate grounds: (1) the doctrine of superior equities, (2) statute of limitations, and (3) ratification by plaintiff's election to sue both Wells Fargo and San Mateo.

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). On the other hand, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

2

**1.    SUPERIOR-EQUITIES DOCTRINE.**

"The right of subrogation is ordinarily asserted against the obligor or principal." WITKIN, *Summary of California Law*, vol. 13, § 187 (10th ed. 2005). California law, however, has long recognized the doctrine of superior equities which limits the right of subrogation in factual circumstances similar to the instant action. *See Meyers v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 11 Cal. 2d 92, 102–03 (1938). "Following the rule of superior equities, California decisions have denied the right of subrogation to sureties on employee bonds where the surety has sought to recover from drawee banks the proceeds of payments on checks forged by the bonded employee." *Cont'l Ins. Co. v. Morgan, Olmstead, Kennedy & Gardner, Inc.*, 83 Cal. App. 3d 593, 602 (1978). Accordingly, under this equitable doctrine the ordinary right of subrogation does not exist in favor of an insurer except as against persons who participated in the wrongful act of the principal. *See Meyers*, 11 Cal. 2d 92, 102–03 (1938); *Barclay Kitchen, Inc. v. Cal. Bank*, 208 Cal. App. 2d 347, 356–57 (1962); WITKIN, at vol. 13, § 187.

*Meyers* is instructive. In *Meyers*, an employee forged checks on his employer's account. A bonding company paid the losses suffered by the employer and then sued the bank for depositing the forged checks. Adopting the doctrine of superior equities, the *Meyers* court explained "[i]n equity, it cannot be said that the satisfaction by the bonding company of its primary liability should entitle it to recover against the bank upon a totally different liability." 11 Cal. 2d at 102. "The primary cause of the loss was the forgeries committed by the employee, whose integrity was at least impliedly vouched for by his employer to the bank. We cannot say that as between the bank and the paid indemnitor, the bank should stand the loss." *Id*. at 102–03. "Our conclusion, as hereinbefore has appeared, is that since the bonding company had no superior equities, it was not entitled to be subrogated to any claim plaintiff might have had against the bank." *Id*. at 103.

Travelers notes that other states have disagreed with the *Meyers* principle (Opp. 3 n. 1). This disagreement is inapposite. The doctrine expressed in *Meyers* is clearly still good law in California. *See Barclay Kitchen*, 208 Cal. App. 2d at 356–57; *Reliance Nat'l Indem. Co. v. Gen. Star Indem. Co.*, 72 Cal. App. 4th 1063, 1081 (1999); WITKIN, at vol. 13, § 187.

3

What is more relevant is the exception to the doctrine of superior equities provided for in *Meyers* and the intervening line of cases. Those cases make clear that third-party banks such as Wells Fargo are only shielded from claims of subrogation by the doctrine of superior equities if the banks are "innocent." For example, in *Barclay Kitchen*, *supra*, the California Court of Appeal explained that a bank that was negligent in failing to stop the employee's fraud could be held liable. "Here, Bank was not innocent. Its negligence made possible the consummation of Mrs. Gianopulus' fraudulent scheme. Its employees admittedly departed from the 'ordinary course' of their banking business. They should have been alert to Mrs. Gianopulus' misrepresentation of authority." *Barclay Kitchen*, 208 Cal. App. at 357.

Plaintiff argues in opposition that Wells Fargo failed to use due in care in sniffing out the purported alterations or forgeries committed by the Baxter employee. Plaintiff, however, failed to make any such allegations of negligence in its complaint. Plaintiff acknowledged that Wells Fargo provided bank statements, but alleged that "Wells Fargo did not supply the originals or copies of the cancelled checks to Baxter with monthly statements" (Compl. ¶ 10). Plaintiff *did not* allege that Wells Fargo's failure deviated in any way from the "ordinary course" of the banking business. Plaintiff simply did not allege that Wells Fargo was negligent or otherwise culpable. This pleading deficiency is grounds for dismissal under *Meyers*. Plaintiff, however, will be given the opportunity to amend its complaint so as to cure this deficiency if possible.

**2.   STATUTE OF LIMITATIONS.**

Wells Fargo also argues that Travelers failed to bring this action within the one-year statute of limitations provided under California law for claims relating to forged checks. California Commercial Code § 4406(f) provides:

> Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year after the statement or items are made available to the customer (subdivision (a)) discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration.

Furthermore, California Code of Civil Procedure § 340(c) provides that actions "by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or

4

unauthorized endorsement" must be brought within one year. "Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted). "[A] complaint containing dates indicating that the statutory period for instituting an action has passed raises at least a partial defense on its face." WRIGHT AND MILLER, *Federal Practice and Procedure*, § 1226 (3d ed. 2004).

According to the complaint, all of the allegedly altered or forged checks were issued on or before September 1, 2004 (Compl. Exh. A). That is over one year before this action was filed on June 1, 2006. Plaintiff suggests that some equitable principle must toll this seemingly clear application of the one-year limitations period. Plaintiff, however, has not alleged any facts that would allow "the plaintiff to prove that the statute was tolled." *TwoRivers*, 174 F. 3d at 991. Accordingly, the statute of limitations is another grounds for dismissal of plaintiff's claims against Wells Fargo, as currently iterated. This order, however, will also give plaintiff an opportunity to rectify this deficiency in its complaint if possible.

### 3. RATIFICATION.

Finally, Wells Fargo also argues that the plaintiff's forgery claim should be dismissed because "plaintiff has sued both Wells Fargo and San Mateo Credit Union for payment on the altered checks, plaintiff has ratified the payment by Wells Fargo and cannot proceed on a claim on the checks against Wells Fargo" (Br. 12). For this proposition, Wells Fargo cites *Resh v. Connecticut National Bank*, 89 F.3d 598 (9th Cir. 1996). In *Resh*, the Ninth Circuit explained that "[i]t is established California law that suit by the payee of a check against the depositary or collecting bank ratifies the payment made by the drawee or payor bank to the depositary bank." *Id*. at 600 (citing *Cooper v. Union Bank*, 9 Cal. 3d 371, 384 (1973)).

As Wells Fargo acknowledges, this ratification principle has only been applied to claims of forgery, not to claims of alteration. Accordingly, Wells Fargo only proffers ratification as a defense to one of the two claims against it. Since the prior two issues addressed in this order dispose completely of the claims against Wells Fargo, this order need not address this more

limited argument of ratification at this time. Wells Fargo, however, is free to raise this argument again in any future motion to dismiss it may choose to make in response to an amended complaint filed by plaintiff.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss the two claims against it is **GRANTED**. Plaintiff shall file any amended complaint within two weeks from the date of this order. At that time, Wells Fargo is free to raise again any of the above arguments in relation to the amended complaint. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 5, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE